ST. PAUL, J.
 

 This suit presents only a question of fact. It involves the ownership of three race horses herein sequestered.
 

 Plaintiff testifies that, being a business man, but desirous of making money at racing by winning purses and bets on horses, he arranged with four friends to form a pool for that purpose. He himself furnished $6,000 and his four, associates $1,000 each, their interest in the pool to be in proportion; that, when seeking for a trainer, the defendant was brought to him by one Crompton, a newspaper man, who had known defendant for 17 years, and recommended him as competent for that purpose; that the $10,000 was thereupon given to defendant to piirchase horses and equipment and operate the stable. That defendant was to receive for his services 10 per cent, of purses and winnings; that, for business reasons, the associates did not want to operate in their own
 
 *555
 
 names, but under the name of Bandit Club or Whitehall Club ; that defendant represented (falsely) that this could not be done, and was thereupon authorized to operate in his own name; that the horses, etc., were purchased by defendant in his own name, but for account of plaintiff, and with plaintiffs’ money furnished as aforesaid; that defendant never at any time denied plaintiffs’ ownership of the horses until plaintiff became dissatisfied with defendant’s failure to account for the money furnished, the purses received, and profit made on the sale of one horse; that in the meanwhile plaintiff had acquired the interest of his four associates and was now sole owner of the horses. Plaintiff is corroborated fully by the testimony of Crompton, and by that of three of his associates.
 

 The answer is simply a general denial. Defendant does not therein set up any claim to the ownership of the horses. But in his testimony defendant claims that the horses are his, and that the $10,000 was given him as a loan to try his luck with; “a stake” with which he was to “shoot.”
 

 Defendant is not corroborated either by witnesses or by the circumstances. The witnesses to the transaction all contradict him; it is not probable that four men should loan $10,000 without security and without acknowledgment or promise to repay at any fixed time to a man whom they met for the first time when they were looking for a horse trainer; it is shown that plaintiff furnished the money for transporting and insuring the horses, and that defendant received a percentage on a large bet made by one of the associates.
 

 As for the claim that plaintiff furnished no money for the expenses of running the stable during the 10 months that defendant was in possession, which expenses defendant testifies were about $700 per month, it is shown by a statement, offered in evidence by de-, fendant, that he ought to have on his hands for account of plaintiff a balance of above $10,000 less the cost of operating for 10 months, say $7,000, and less 10 per cent, on purses won, say $656.
 

 The trial judge, who heard both plaintiff and defendant testify, found the facts to be with plaintiff; and our own appreciation of the evidence is that his finding was correct.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.